UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAUGHING RABBIT, INC., an Oregon corporation,

Plaintiff,

v.

LASER BONDING TECH., INC., a Canadian corporation,[1]

Defendant.

Civil Action No. 2:20-cv-1513-RSL

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT AND INJUNCTION**

This matter comes before the Court on "Plaintiff's Motion for Default Judgment." Dkt. # 96. The Court, having reviewed the motion and supporting papers as well as the remainder of the record, finds as follows:

Defendant's default was entered on January 13, 2025. Dkt. # 90. Plaintiff seeks entry of a default judgment based on the allegations of the Complaint and its evidence of damages, attorney's

[1] Defendant is a corporation registered in Ontario, Canada, under the name Laser Bonding Tech Incorporated. It does business under the name Laser Bonding Tech, Inc. Dkt. # 102.

fees, and costs. "A court's decision to enter a default judgment is discretionary." *Amazon Techs. Inc. v. Kitsenka*, No. 2:22-CV-01574-RSL, 2024 WL 3069370, at *2 (W.D. Wash. June 20, 2024). "At the default judgment stage, the court presumes all well-pleaded factual allegations related to liability are true." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014).

The Court has federal question jurisdiction over the claims asserted under 15 U.S.C. § 1125(a) [Lanham Act § 43(a)] for federal unfair competition, 15 U.S.C. § 1114 [Lanham Act § 32] for registered trademark infringement, and 15 U.S.C. § 1114 for counterfeiting pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a). Additionally, the Court has supplemental jurisdiction over plaintiff's claim for a violation of the Washington Consumer Protection Act ("CPA") pursuant to 28 U.S.C. § 1367 because this state claim forms part of the same case or controversy as the federal claims.

The Court has personal jurisdiction over defendant because, *inter alia*, it failed to raise lack of personal jurisdiction and otherwise failed to timely object to the exercise of personal jurisdiction under Fed. R. Civ. P. 12(h)(1). Dkt. Nos. 6 and 14; Fed. R. Civ. P. 12(h)(1); *See United States v. Pomerantz*, No. C16-689 MJP, 2017 WL 4418572, at *2 (W.D. Wash. Oct. 5, 2017) (Defendant failed to raise lack of personal jurisdiction at the first available opportunity and therefore waived the defense). The Court also has personal jurisdiction over defendant under *International Shoe v. State of Washington*, 326 U.S. 310 (1945), because defendant engaged in the sale of counterfeit battery operated portable electric lights in this District. Venue is proper in this district.

Defendant appeared in this case but is now in default by its own choosing, not due to excusable neglect.

Taking the well-pleaded allegations of the Complaint as true, plaintiff has a protectable interest in the mark and defendant's use of the Accused Product is likely to cause consumer confusion. 15

U.S.C. § 1114(1); *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999) (citing *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir. 1979)) ("*Sleekcraft*"). Defendant also committed federal unfair competition, violated the Washington Consumer Protections Act, infringed plaintiff's registered trademark rights in the Photon® product configuration, and committed counterfeiting of the Photon® product configuration.

Statutory damages in the amount of $2,000,000 are awarded to plaintiff pursuant to 15 U.S.C. § 1117(c) because the record shows that defendant willfully committed counterfeiting of plaintiff's registered Photon® product configuration. Such statutory damages are reasonable in light of defendant's profits on sales of the counterfeit lights of approximately $6,000,000 and plaintiff's damages in the form of lost sales of approximately $9,750,000.

Attorney's fees in the amount of $170,377.24 are awarded to plaintiff pursuant to 15 U.S.C. § 1117(a) and RCW § 19.86.090.

Costs in the amount of $1,525.25 are awarded to plaintiff pursuant to 15 U.S.C. § 1117(a).

Defendant, its officers, directors, and assigns are hereby permanently enjoined, pursuant to 15 U.S.C § 1116, from any offering for sale, disposition, advertisement, or sale of any lights that embody the following product configurations or styles, as well as any lights substantially similar thereto, with or without other components, such as a light holder, container of adhesive, keychain clip, or case for such components.







BONDIC® GO
Fix Virtually Anything in 4 Seconds.
Réparez pratiquement n'importe quoi en 4 secondes.
Arregle prácticamente cualquier cosa en 4 segundos.
Travel Size
Taille de voyage
Tamano de viaje
3 ml
notaglue.com

BONDIC
LIQUID PLASTIC WELDER
PLASTIQUE LIQUIDE DE SOUDAGE
LED REPLACEMENT
LED DE RECHARGE

BONDIC

BONDIC
LIQUID PLASTIC WELDER
PLASTIQUE LIQUIDE DE SOUDAGE
SOLDADOR DE PLASTICO LIQUIDO

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT AND INJUNCTION - 4

Dated this 22nd day of April, 2025.

Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGEMENT
AND INJUNCTION - 5